By the Court.

This is an action broughtrupon an account current, unsettled between the parties, . The plaintiff, here the appellee, claims a balance, and the appellant has pleaded the general issue. On the trial of the cause below, the appellant offered to prove that the plaintiff had omitted jn the account sundry credits in his favour ; but the *382 evidence was refused, on the ground that he had « V not pleaded compensation specially. Judgment was accordingly given, for the balance claimed by the appellee. ' '
East. District.
June 1814.
■ The subject of enquiry here is not whether the plea_of compensation can be considered as included in the general issue : for it is a positive rule of our judicial proceedings, that compensation must be pleaded specially. Recop. de Cast, book 4, tit. 5, law 1. The question is, whether this is a case in which compensation ought to have been pleaded at all.
It is a well known principle, that compensation takes place' only between debts which are both clear and liquidated. Let' us see whether this principle is applicable here. Although debts, depending on accounts, are not considered in law as liquidated debts when the accounts may require a long discussion,'Pothier on Obligations,part. 3, chap. 4, no. 592 : yet, if the plaintiff had claimed, from the defendant, the amount of lps own account of goods furnished, there might have been some reason for considering the defendant as bound to oppose, by way of compensation or mutual demand, his own account of articles furnished to the plaintiff. But where, instead of demanding the price of the goods by him furnished, the plaintiff undertakes- to <oppose the defendant’s *383 claim to his, ia order to compare them together and establish a balance between the two ; there it cannot be said that either of the claims are liqui- . . . ' dated, for die very object of the suit is to obtain that liquidation. In such a case both accounts are put at issue, and any evidence tending to support or contradict the correctness of either ought' to be admitted. ' ⅜
If we follow this distinction through its consequences, we will find it still more striking. Where one party demands of an other the price of things, which he has sold him, if the defendant does not plead compensation, he may indeed be condemned for the whole} but he can afterwards recover, in his turn, the amount of his own claim. But, where a demand has been made of a balance of accounts between two parties, and judgment has been rendered for that balance, such judgment might be considered as a bar against any claim of either party up to that date; for it is in fact a liquidation of their respective accounts untill then. From which it would follow, that should the plea of compensation be deemed requisite in this case, instead of having the eftect merely of compelling the party to resort to an other suit, it would put it out of his power ever to recover his due.
The administration of justice cannot end in such consequences. When the interpretation of its rules leads to the destruction of a just right, we *384 • may be sure that interpretation is wrong. The reason of the general rule that compensation must F>e pleaded specially is easily conceived ; but the application of it to a case of this nature would produce injustice.
It is, therefore, ordered and decreed that the judgment of the Court of the First District be reversed ; and that the cause be remanded to that Court to be again tried, with instructions to the Judge to admit any legal evidence which the appellant may oifer to prove the credits which he contends he is entitled to and which he says have been omitted in the account current presented bv the appellee.